1  WHITNEY A. DAVIS, SBN 149523
   CHARTER DAVIS, LLP
2  Attorneys at Law
   1730 I Street, Suite 240
3  Sacramento, California 95814
   Telephone:    (916) 448-9000
4  Facsimile:    (916) 448-9009

5  Attorneys for VIAD CORP, Individually
   and as Alleged Successor-in-Interest
6  to Griscom-Russell Company

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  THOMAS TAYLOR,                    )  Federal Case No. CV 08 0981 EDL
                                      )
12                                    )
                                      )
13              Plaintiffs,           )  **ANSWER OF VIAD CORP TO**
                                      )  **COMPLAINT FOR ASBESTOS**
14                                    )  **PERSONAL INJURY/PRODUCTS**
    vs.                               )  **LIABILITY**
15                                    )
                                      )  **DEMAND FOR JURY TRIAL**
16                                    )
    GENERAL ELECTRIC COMPANY,         )
17  WARREN PUMPS, LLC, VIAD CORP.     )
                                      )
18                                    )
                                      )
19                                    )
                                      )
20              Defendants.           )

21

22

23      In accordance with the Federal Rules of Civil Procedure, defendant Viad Corp,

24  individually and as alleged successor-in-interest to the Griscom-Russell Company

25  (hereinafter "VIAD") hereby answers the complaint filed by plaintiff THOMAS

    TAYLOR as follows:
26
    ///
27
    ///
28
                                      1
                        **ANSWER ON BEHALF OF VIAD CORP**

## ANSWER TO COMPLAINT

1.      Responding to paragraph number one of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

2.      Responding to paragraph number two of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

3.      Responding to paragraph number three of the complaint, and Exhibit A therein referred to and attached to the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

4.      Responding to paragraph number four of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

5.      Responding to paragraph number five of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

6.      Responding to paragraph number six of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

7.      Responding to paragraph number seven of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every

1  allegation contained therein.

2      8.      Responding to paragraph number eight of the complaint, defendant admits

3  that jurisdiction exists over the matter based on the complaint allegations, and defendant

4  admits it is a corporation, organized and existing under and by virtue of the laws of the

5  State of Delaware and was authorized to do business in the State of California and that it

6  has conducted business in the County of San Francisco, State of California, but otherwise

7  is without sufficient knowledge or information to form a belief as to the truth of the

8  allegations contained in said paragraph, and on that basis, denies each and every

9  allegation contained therein.

10      9.      Responding to paragraph number nine of the complaint, defendant is

11  without sufficient knowledge or information to form a belief as to the truth of the

12  allegations contained in said paragraph, and on that basis, denies each and every

13  allegation contained therein.

14      10.      Responding to paragraphs numbers ten, eleven, and twelve, of the

15  complaint Defendant denies generally each and every allegation therein, and denies

16  specifically that it and/or its alleged alternate entities  researched, manufactured,

17  fabricated, designed modified, labeled, assembled, distributed, leased, bought, offered for

18  sale, supplied, sold, inspected, endorsed, tested, authorized, approved, certified,

19  facilitated, promoted, represented, endorsed servicing, installed, contracted for

20  installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged,

21  specified, required, mandated, or otherwise directed and/or facilitated the use of, or

22  advertising a certain product, namely asbestos and other products containing asbestos.

23  Further, defendant denies that it is the legal successor to all of the liabilities of alleged

24  alternate entities of Viad Corp:  ARMOUR AND COMPANY, ARMOUR & CO.,

25  ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G. ARMOUR

26  ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

27  LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

28  CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

1  CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

2  BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

3  CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

4  ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and GRISCOM

5  RUSSELL. Further, while defendant admits as to the existence of the alleged alternate

6  entities, defendant specifically denies, that it and/or its alleged alternate entities is liable

7  (and/or otherwise owed/breached any duty) for any alleged tortious conduct of each

8  alleged successor, successor-in-business, successor-in-product line or portion thereof,

9  assign, predecessor, in product line or portion thereof, parent, holding company, affiliate,

10 venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned

11 entity, or entity that was a member of, or funded, that researched, studied, manufactured,

12 fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for

13 sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,

14 marketed, warranted, re-branded, manufactured for others and advertised a certain

15 product, namely asbestos, and other products containing asbestos.

16      11.     Responding to paragraph number thirteen of the complaint, defendant

17 denies that it and/or its alleged alternate entities breached any applicable duty. Further, to

18 the extent this paragraph again incorporates reference to alleged "ALTERNATE

19 ENTITIES", defendant denies that it is the legal successor to all of the liabilities of

20 alleged alternate entities of Viad Corp: ARMOUR AND COMPANY, ARMOUR &

21 CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G. ARMOUR

22 ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN

23 LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON

24 CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON

25 CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION,

26 BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL

27 CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC.,

28 ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, AND GRISCOM

**ANSWER ON BEHALF OF VIAD CORP**

1  RUSSELL.

2      12.    Responding to paragraph number fourteen of the complaint, defendant

3  denies each and every allegation contained therein, and specifically denies it and/or its

4  alleged alternate entities knew or should have known and intended that alleged asbestos

5  containing products/equipment would be transported as alleged with knowledge that

6  products may break, crumble or otherwise be damaged; and/or that such products would

7  be used for insulation, construction, plastering, fireproofing, soundproofing, automotive,

8  aircraft and/or other applications, including, but not limited to unpacking, preparing,

9  using, sawing, drilling, chipping, hammering, scraping, sanding, breaking, removing,

10  maintaining, inspecting, "rip-out", and other manipulation, resulting in the release of

11  airborne asbestos fibers, and that through such foreseeable use and/or handling "exposed

12  persons", including plaintiff, would use or be in proximity to and exposed to said alleged

13  asbestos fibers, which allegedly contaminated the packing, products, environment, and

14  clothing of persons working in proximity to said products, directly or through

15  reentrainment.  To the extent this paragraph again incorporates reference to alleged

16  "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of the

17  liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

18  ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION,

19  G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION,

20  BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

21  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

22  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

23  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

24  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

25  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

26  GRISCOM RUSSELL.

27      13.    Responding to paragraph number fifteen of the complaint, and Exhibit A

28  referred to therein and attached to said complaint, defendant is without sufficient

1  knowledge or information to form a belief as to the truth of the allegations contained in

2  said paragraph, and on that basis, denies each and every allegation contained therein.

3      14.    Responding to paragraph number sixteen of the complaint, and Exhibit A

4  referred to therein and attached to said complaint, Defendant denies that it and/or its

5  alleged alternate entities engaged in any of the complained of conduct, and denies each

6  and every allegation contained therein, and to the extent this paragraph again incorporates

7  reference to alleged "ALTERNATE ENTITIES," defendant denies that it is the legal

8  successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

9  AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

10 CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

11 CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

12 LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

13 BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

14 CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

15 THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

16 INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

17 GRISCOM RUSSELL.

18      15.    Responding to paragraph number seventeen of the complaint, defendant is

19 without sufficient knowledge or information to form a belief as to the truth of the

20 allegations contained in said paragraph, and on that basis, denies each and every

21 allegation contained therein.

22      16.    Responding to paragraph number eighteen of the complaint, defendant is

23 without sufficient knowledge or information to form a belief as to the truth of the

24 allegations contained in said paragraph, and on that basis, denies each and every

25 allegation contained therein.

26      17.    Responding to paragraph number nineteen of the complaint, defendant

27 denies that it and/or its alleged alternate entities engaged in any of the complained of

28 conduct, and denies each and every allegation contained therein, and to the extent this

ANSWER ON BEHALF OF VIAD CORP

1   paragraph again incorporates reference to alleged "ALTERNATE ENTITIES", defendant

2   denies that it is the legal successor to all of the liabilities of alleged alternate entities of

3   Viad Corp:  ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR &

4   COMPANY, THE GREYHOUND CORPORATION, G. ARMOUR ARIZONA

5   COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES,

6   BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

7   LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION,

8   BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON,

9   THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

10  CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC.

11  HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.

12          18.     Responding to paragraph number twenty of the complaint, defendant is

13  without sufficient knowledge or information to form a belief as to the truth of the

14  allegations contained in said paragraph, and on that basis, denies each and every

15  allegation contained therein, and to the extent this paragraph again incorporates reference

16  to alleged "ALTERNATE ENTITIES", defendant denies that it is the legal successor to

17  all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND

18  COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

19  CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

20  CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

21  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

22  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

23  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

24  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

25  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

26  GRISCOM RUSSELL.

27          19.     Responding to paragraph number twenty-one of the complaint, defendant

28  is without sufficient knowledge or information to form a belief as to the truth of the

1  allegations contained in said paragraph, and on that basis, denies each and every

2  allegation contained therein, denies that it and/or its alleged alternate entities engaged in

3  any of the complained of conduct incorporated by reference, and to the extent this

4  paragraph again incorporates reference to alleged "ALTERNATE ENTITIES", defendant

5  denies that it is the legal successor to all of the liabilities of alleged alternate entities of

6  Viad Corp:  ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR &

7  COMPANY, THE GREYHOUND CORPORATION, G. ARMOUR ARIZONA

8  COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES,

9  BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

10  LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION,

11  BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON,

12  THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

13  CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC.

14  HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.

15      20.    Responding to paragraph number twenty-two of the complaint, defendant

16  denies each and every allegation contained therein, denies that it and/or its alleged

17  alternate entities engaged in any of the complained of conduct, and to the extent this

18  paragraph again incorporates reference to alleged "ALTERNATE ENTITIES", defendant

19  denies that it is the legal successor to all of the liabilities of alleged alternate entities of

20  Viad Corp:  ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR &

21  COMPANY, THE GREYHOUND CORPORATION, G. ARMOUR ARIZONA

22  COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES,

23  BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

24  LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION,

25  BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON,

26  THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

27  CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC.

28  HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.

1      21.    Responding to paragraph number twenty-three of the complaint, defendant

2  defendant denies that it and/or its alleged alternate entities engaged in any of the

3  complained of conduct, and denies each and every allegation contained therein, and to the

4  extent this paragraph again incorporates reference to alleged "ALTERNATE ENTITIES",

5  defendant denies that it is the legal successor to all of the liabilities of alleged alternate

6  entities of Viad Corp:  ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR &

7  COMPANY, THE GREYHOUND CORPORATION, G. ARMOUR ARIZONA

8  COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES,

9  BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

10  LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION,

11  BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON,

12  THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

13  CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC.

14  HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.

15      22.    Responding to paragraph number twenty-four of the complaint, defendant

16  denies defendant denies that it and/or its alleged alternate entities engaged in any of the

17  complained of conduct, and denies each and every allegation contained therein, and to the

18  extent this paragraph again incorporates reference to alleged "ALTERNATE ENTITIES",

19  defendant denies that it is the legal successor to all of the liabilities of alleged alternate

20  entities of Viad Corp:  ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR &

21  COMPANY, THE GREYHOUND CORPORATION, G. ARMOUR ARIZONA

22  COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES,

23  BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

24  LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION,

25  BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON,

26  THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

27  CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC.

28  HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.

1    23.    To the extent this complaint paragraph twenty-five merely incorporates by

2  reference all prior paragraphs of the complaint, defendant likewise incorporates by

3  reference paragraphs 1-24 herein, and is otherwise without sufficient knowledge or

4  information to form a belief as to the truth of the allegations contained in said paragraph,

5  and on that basis, denies each and every allegation contained therein.

6    24.    Responding to paragraph number twenty-six of the complaint, defendant

7  denies that it and/or its alleged alternate entities engaged in any of the complained of

8  conduct, and denies each and every allegation contained therein, and to the extent this

9  paragraph again incorporates reference to alleged "ALTERNATE ENTITIES", defendant

10 denies that it is the legal successor to all of the liabilities of alleged alternate entities of

11 Viad Corp:  ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR &

12 COMPANY, THE GREYHOUND CORPORATION, G. ARMOUR ARIZONA

13 COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES,

14 BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

15 LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION,

16 BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON,

17 THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

18 CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC.

19 HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.

20    25.    Responding to paragraph number twenty-seven of the complaint,

21 defendant is without sufficient knowledge or information to form a belief as to the truth

22 of the allegations contained in said paragraph, and on that basis, denies each and every

23 allegation contained therein, and to the extent this paragraph again incorporates reference

24 to alleged "ALTERNATE ENTITIES", defendant denies that it is the legal successor to

25 all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND

26 COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

27 CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

28 CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

10

1  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

2  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

3  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

4  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

5  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

6  GRISCOM RUSSELL.

7    26.  Responding to paragraph number twenty-eight of the complaint, defendant

8  is without sufficient knowledge or information to form a belief as to the truth of the

9  allegations contained in said paragraph, and on that basis, denies each and every

10  allegation contained therein, and to the extent this paragraph again incorporates reference

11  to alleged "ALTERNATE ENTITIES", defendant denies that it is the legal successor to

12  all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND

13  COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

14  CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

15  CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

16  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

17  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

18  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

19  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

20  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

21  GRISCOM RUSSELL.

22    27.  Responding to paragraph number twenty-nine of the complaint, defendant

23  denies each and every allegation contained therein, denies that it and/or its alleged

24  alternate entities engaged in any of the complained of conduct, and to the extent this

25  paragraph again incorporates reference to alleged "ALTERNATE ENTITIES", defendant

26  denies that it is the legal successor to all of the liabilities of alleged alternate entities of

27  Viad Corp:  ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR &

28  COMPANY, THE GREYHOUND CORPORATION, G. ARMOUR ARIZONA

1  COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES,

2  BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

3  LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION,

4  BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON,

5  THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

6  CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC.

7  HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.  Further, while defendant

8  admits as to the existence of the alleged alternate entities, defendant specifically denies,

9  that it is liable (and/or otherwise owed/breached any duty and/or acted with "conscious

10  disregard" and/or had knowledge of any alleged risk(s) as set forth therein) for any alleged

11  tortious conduct of each alleged alternate entity.

12      28.     Responding to paragraph number thirty of the complaint, defendant denies

13  that it and/or its alleged alternate entities engaged in any of the complained of conduct,

14  and denies each and every allegation contained therein, and specifically denies defendant

15  and/or its alleged alternate entities had alleged knowledge regarding alleged asbestos

16  containing products at the timeframe alleged; and to the extent this paragraph again

17  incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is

18  the legal successor to all of the liabilities of alleged alternate entities of Viad Corp:

19  ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE

20  GREYHOUND CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA

21  DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN

22  LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

23  LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION,

24  BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON,

25  THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

26  CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC.

27  HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.

28      29.     Responding to paragraph number thirty-one of the complaint, defendant

1  defendant denies that it and/or its alleged alternate entities engaged in any of the

2  complained of conduct, and denies each and every allegation contained therein, and to the

3  extent this paragraph again incorporates reference to alleged "ALTERNATE ENTITIES",

4  defendant denies that it is the legal successor to all of the liabilities of alleged alternate

5  entities of Viad Corp:  ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR &

6  COMPANY, THE GREYHOUND CORPORATION, G. ARMOUR ARIZONA

7  COMPANY, ARIZONA DIAL,  111 CORPORATION, BALDWIN LOCOMOTIVES,

8  BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

9  LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION,

10  BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON,

11  THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

12  CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC.

13  HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.  Further, while defendant

14  admits as to the existence of the alleged alternate entities, defendant specifically denies,

15  that it and/or its alleged alternate entities is liable (and/or otherwise owed/breached any

16  duty and/or actively concealed and suppressed knowledge and/or had knowledge of any

17  alleged risk(s) as set forth therein) for any alleged tortious conduct of each alleged

18  alternate entity.

19      30.    Responding to paragraph number thirty-two of the complaint, defendant

20  denies that it and/or its alleged alternate entities engaged in any of the complained of

21  conduct, and denies each and every allegation contained therein, and to the extent this

22  paragraph again incorporates reference to alleged "ALTERNATE ENTITIES", defendant

23  denies that it is the legal successor to all of the liabilities of alleged alternate entities of

24  Viad Corp:  ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR &

25  COMPANY, THE GREYHOUND CORPORATION, G. ARMOUR ARIZONA

26  COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES,

27  BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

28  LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION,

1  BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON,

2  THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

3  CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC.

4  HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.

5      31.    Responding to paragraph number thirty-three of the complaint, defendant

6  denies that it and/or its alleged alternate entities engaged in any of the complained of

7  conduct, and defendant denies each and every allegation contained therein, including

8  allegations of alleged implied warranties, and to the extent this paragraph again

9  incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is

10 the legal successor to all of the liabilities of alleged alternate entities of Viad Corp:

11 ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE

12 GREYHOUND CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA

13 DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN

14 LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

15 LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION,

16 BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON,

17 THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

18 CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC.

19 HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.

20     32.    Responding to paragraph number thirty-four of the complaint, defendant

21 denies that it and/or its alleged alternate entities engaged in any of the complained of

22 conduct, and denies each and every allegation contained therein, and to the extent this

23 paragraph again incorporates reference to alleged "ALTERNATE ENTITIES", defendant

24 denies that it is the legal successor to all of the liabilities of alleged alternate entities of

25 Viad Corp:  ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR &

26 COMPANY, THE GREYHOUND CORPORATION, G. ARMOUR ARIZONA

27 COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES,

28 BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

14

1  LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION,

2  BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON,

3  THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

4  CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC.

5  HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.

6         33.    Responding to paragraph number thirty-five of the complaint, defendant

7  denies that it and/or its alleged alternate entities engaged in any of the complained of

8  conduct, denies each and every allegation contained therein, and to the extent this

9  paragraph again incorporates reference to alleged "ALTERNATE ENTITIES", defendant

10  denies that it is the legal successor to all of the liabilities of alleged alternate entities of

11  Viad Corp: ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR &

12  COMPANY, THE GREYHOUND CORPORATION, G. ARMOUR ARIZONA

13  COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES,

14  BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

15  LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION,

16  BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON,

17  THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

18  CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC.

19  HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.  Further, while defendant

20  admits as to the existence of the alleged alternate entities, defendant specifically denies,

21  that it is liable (and/or otherwise is responsible/made any alleged representation/implied

22  warranty or for any alleged lack of warning) for any alleged tortious conduct of each

23  alleged alternate entity.

24         34.    Responding to paragraph number thirty-six of the complaint, defendant

25  denies that it and/or its alleged alternate entities engaged in any of the complained of

26  conduct, and denies each and every allegation contained therein.

27         35.    Responding to plaintiffs' prayer for relief, defendant denies any entitlement

28  on the part of plaintiffs to any damages (general, punitive, income loss related, or

1  otherwise) and defendant further asserts that no specific cause of action for fraud is

2  alleged, and therefore, defendant denies that any "fraud" took place, and that any damages

3  resulted from any act of fraud.

4  **AFFIRMATIVE DEFENSES**

5  FIRST AFFIRMATIVE DEFENSE

6  The complaint fails to state facts sufficient to constitute any cause of action

7  against this answering defendant.

8  SECOND AFFIRMATIVE DEFENSE

9  Plaintiffs' claims are barred by the statute of limitations, including, but not limited to,

10  California Code of Civil Procedure §§338 sub. div. a, 340, 340.2, 343 and 337.

11  THIRD AFFIRMATIVE DEFENSE

12  The complaint does not state facts sufficient to justify an award of punitive

13  damages. The imposition of punitive damages as sought by plaintiffs would violate the

14  rights of the defendant under the Constitution of the United States and other potentially

15  applicable State Constitutions, and at common law, in that:

16  a)  An award of punitive damages would violate the rights of the defendant to

17  due process and equal protection of the laws, as guaranteed by the United States

18  Constitution and its Fourteenth Amendment, and similar protection afforded by other

19  potentially applicable State Constitutions.

20  b)  Applicable State law provides no Constitutionally adequate or meaningful

21  standards to guide a jury in imposing a punitive award, or to give the public, including the

22  defendants, a reasonable and Constitutionally required notice of the manner of conduct

23  which may submit it to such a sanction. As scienter is an indispensable element of a

24  charge of such conduct, the defendant should not be subjected to the risk of punishment

25  for an alleged offense as to which scienter is impossible as there are no ascertainable

26  standards to apply other than the whim of a jury.

27  c)  Applicable State law leaves the determination of the fact and amount of

28  punitive damages to the arbitrary discretion of the trier of fact, without providing

16

1 | adequate or meaningful limits to the exercise of that discretion. This constitutes a taking

2 | without due process of law.

3 |     d)    No provision of the applicable State law provides adequate procedural

4 | safeguards consistent with the criteria set forth in *Mathews v. Eldridge*, 424 US 319

5 | (1976) for the imposition of a punitive award.

6 |     e)    The right of the defendants to due process of law would be violated were

7 | Plaintiffs to be permitted to pursue recovery against the defendant based upon strict

8 | liability claims which focus on the condition of the product while simultaneously

9 | pursuing claims for punitive damages that focus on the conduct of the defendant, since

10 | exculpatory evidence of reasonable conduct may otherwise be inadmissible in a strict

11 | liability case.

12 |     f)    The concept of punitive damages whereby an award is made to a private

13 | plaintiff, not as compensation, but as a windfall incident to the punishment of a

14 | defendant, represents a taking of property without due process of law.

15 |     g)    Punitive damages are quasi-criminal in nature, application of the discovery

16 | provisions of the Code of Civil Procedure would be inappropriate as those rules are not

17 | intended to apply to a criminal proceeding.  The defendants, therefore, request that the

18 | court limit any discovery requests which relate in any way to plaintiffs' requests for

19 | punitive damages to that type of discovery which is permitted to be taken from a criminal

20 | defendant pursuant to the applicable Code of Civil Procedure.

21 |                         FOURTH AFFIRMATIVE DEFENSE

22 |     This answering defendant alleges that the complaint does not state facts sufficient

23 | to justify "market share" liability as to the defendant.

24 |                         FIFTH AFFIRMATIVE DEFENSE

25 |     Any injuries or damages alleged in this action proximately resulted from the

26 | negligence and careless conduct of employers of the person injured.  The recovery of

27 | damages herein, if any, is barred or diminished to the extent worker's compensation

28 | benefits have been or will be paid to such employee or heirs by any employer.

1

SIXTH AFFIRMATIVE DEFENSE

2

Plaintiffs' claims are barred by the Doctrine of Estoppel.

3

4

SEVENTH AFFIRMATIVE DEFENSE

5

At all times denying the allegations of plaintiffs' complaint, defendant is informed

6 and believe, and based upon said information and belief alleges, that plaintiffs voluntarily

7 and knowingly assumed the alleged risks and alleged hazards incident to the alleged

8 operations, acts and conduct at the times and places alleged in the complaint, and that

9 plaintiffs' acts proximately caused and contributed to the alleged injuries and damages, if

10 any such injuries or damages there were, or are.

11

EIGHTH AFFIRMATIVE DEFENSE

12

The damages allegedly sustained by plaintiffs, if any, were caused solely by the

13 negligence or other legal fault of persons, including plaintiffs, other than this answering

14 defendant.  If defendant is in any way negligent or otherwise legally responsible, any

15 damages to which plaintiffs would otherwise be entitled should be reduced in proportion

16 to the amount of negligence or legal fault attributable to plaintiffs and other persons in

17 causing plaintiffs' injuries.

18

NINTH AFFIRMATIVE DEFENSE

19

Plaintiff failed to mitigate his alleged damages, if any there were.

20

21

TENTH AFFIRMATIVE DEFENSE

22

This answering defendant received no notice of any dangerous, hazardous or

23 defective condition or any breach of warranty, either express or implied.

24

ELEVENTH AFFIRMATIVE DEFENSE

25

Defendant did commit the alleged acts with any of the alleged products which

26 plaintiff alleges caused the injuries set forth in the complaint.

27

TWELFTH AFFIRMATIVE DEFENSE

28

If the products alleged in the complaint are found to have caused plaintiffs' injury,

18

**ANSWER ON BEHALF OF VIAD CORP**

1  which injury defendant expressly denies, such products were stored, maintained, exposed,

2  manufactured, supplied and/or distributed by others, and not defendant or the alleged

3  alternate entities in a manner consistent with the state of the art applicable at the time.

4                    THIRTEENTH AFFIRMATIVE DEFENSE

5          At all times relevant to the alleged conditions, conduct or injuries, plaintiff had or

6  should have had notice and knowledge of the risks and dangers, if any, associated with

7  such conditions, conduct and injuries as any such risk or danger was open, obvious and

8  apparent to plaintiff, and that he appreciated the danger or risk, and voluntarily assumed

9  any such danger or risk.

10                   FOURTEENTH AFFIRMATIVE DEFENSE

11         Defendant had no duty to know about, protect against or warn of any alleged risk

12 of harm from exposure to asbestos under the state of scientific and medical knowledge at

13 the applicable time.

14                    FIFTEENTH AFFIRMATIVE DEFENSE

15        Plaintiffs' claims are barred by the Doctrine of Laches.

16                    SIXTEENTH AFFIRMATIVE DEFENSE

17        The applicable punitive damages statutes are unconstitutional because they violate

18 the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

19                  SEVENTEENTH AFFIRMATIVE DEFENSE

20        Plaintiffs' claims for punitive damages are barred by the Due Process Clause of

21 Article 1, Section 7 and the Excessive Fines Clause of Article 1, Section 17 of the

22 Constitution of the State of California.

23                   EIGHTEENTH AFFIRMATIVE DEFENSE

24        Plaintiffs' claims are barred by the Doctrine of Waiver.

25                   NINETEENTH AFFIRMATIVE DEFENSE

26        Defendant is protected from the allegations brought in plaintiffs' complaint by

27 virtue of the Worker's Compensation Exclusive Remedy Doctrine of California Labor

28 Code section 3600, et seq.

**ANSWER ON BEHALF OF VIAD CORP**

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the plaintiffs' implied assumption of the risks and dangers, if any, associated with the alleged conditions, conduct or injuries set forth in plaintiffs' complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The actions of this answering defendant were in conformity with the state of the medical, industrial and scientific arts, such that there was no duty to warn decedent and/or plaintiff under the circumstances, or to such an extent such a duty arose, defendant provided adequate warnings, labels and/or instructions concerning the conditions or products in question. If those warnings, labels and/or instructions were not heeded, it is the fault of others and not of this answering defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

This answering defendant made no representations to plaintiff. To the extent that the alleged representations were made, they were made by persons and/or parties other than this answering defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent that any of the alleged representations were made to plaintiff, they were not made with the intent to defraud or deceive plaintiff or to induce him to engage in any alleged conduct.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff did not rely on any other representations made by this answering defendant. To the extent that the plaintiff did rely on any alleged representations, such reliance was unjustified.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

This answering defendant concealed no material facts nor made no affirmative misrepresentation of fact to plaintiff. To the extent that any fact or facts were concealed from plaintiff, such concealment was not made with the intent to defraud, deceive, or

1 mislead plaintiff to induce him to engage in any alleged conduct.

2 TWENTY-SIXTH AFFIRMATIVE DEFENSE

3 This answering defendant denies that it is liable for any acts, conduct, omissions or

4 products of any alleged predecessor entity.

5 TWENTY-SEVENTH AFFIRMATIVE DEFENSE

6 The plaintiffs' injuries and damages, if any, resulted from the failure of plaintiff to

7 use the safety equipment and/or safety precautions which may have been provided,

8 warned of, or made available to him.

9 TWENTY-EIGHTH AFFIRMATIVE DEFENSE

10 Defendant is entitled to a set-off from any and all sums recovered by or on behalf

11 of the plaintiff by way of any settlement, judgment, or otherwise which were or entered

12 into or received by plaintiff from any party or non-party to this action.

13 TWENTY-NINTH AFFIRMATIVE DEFENSE

14 Plaintiffs' claims are barred by the Doctrine of Release.

15 THIRTIETH AFFIRMATIVE DEFENSE

16 This answering defendant had no "actual knowledge" of the existence of a

17 dangerous condition on any premises in question; that plaintiff had contracted an

18 asbestos-related disease; that plaintiff were exposed to asbestos; or that friable asbestos

19 existed on the premises.

20

21

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27

28

1           THIRTY-FIRST AFFIRMATIVE DEFENSE

2       Plaintiffs' claims are preempted by federal law.

3           THIRTY-SECOND AFFIRMATIVE DEFENSE

4       This answering defendant is immune from liability by way of the military

5   contractor defense.

6           THIRTY-THIRD AFFIRMATIVE DEFENSE

7       Plaintiffs' claims are barred for failure to join necessary parties to this action.

8           THIRTY-FOURTH AFFIRMATIVE DEFENSE

9       Plaintiffs' claims are barred by the doctrine of exclusive concurrent jurisdiction.

10          **OTHER DEFENSES**

11      This answering defendant reserves the right to allege other affirmative defenses as

12  they may become known during the course of discovery, and hereby specifically reserves

13  its rights to amend its answer to allege said affirmative defenses at such time as they

14  become known.

15      WHEREFORE, this answering defendant prays as follows:

16      1.      That plaintiffs take nothing by their complaint;

17      2.      For costs of suit incurred herein;

18      3.      For reasonable attorney's fees; and

19      4.      For such other and further relief as the Court may deem just and proper.

20

21          **DEMAND FOR JURY TRIAL**

22      Defendant VIAD hereby demands trial by jury.

23

24  Dated: March __11__, 2008          CHARTER DAVIS, LLP

25

26                          By: _____
                                Whitney A. Davis
27                              Attorneys for Defendant VIAD CORP,
                                individually and as Alleged
28                              Successor-in-Interest to Griscom-Russell
                                Company

22
**ANSWER ON BEHALF OF VIAD CORP**

1   WHITNEY A. DAVIS, SBN 149523
    CHARTER DAVIS, LLP
2   Attorneys at Law
    1730 I Street, Suite 240
3   Sacramento, California 95814
    Telephone:    (916) 448-9000
4   Facsimile:    (916) 448-9009

5   Attorneys for VIAD CORP, Individually
    and as Alleged Successor-in-Interest
6   to Griscom-Russell Company

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  THOMAS TAYLOR,                )    Federal Case No. CV 08 0981 EDL
                                  )
12                                )
                                  )
13              Plaintiffs,       )    **DEFENDANT VIAD CORP'S**
                                  )    **CERTIFICATE OF INTERESTED**
14                                )    **ENTITIES OR PERSONS**
                                  )
15  vs.                           )
                                  )
16                                )
    GENERAL ELECTRIC COMPANY,     )
17  WARREN PUMPS, LLC, VIAD CORP. )
                                  )
18                                )
                                  )
19                                )
                                  )
20              Defendants.       )

21

22      Pursuant to Civil Local rule 3-16, the undersigned certifies that as of this date,

23  other than the named parties, there is no such interest to report.

24  Dated: March ___, 2008              CHARTER DAVIS, LLP

25

26              By:   _____
                      Whitney A. Davis
27                    Attorneys for Defendant VIAD CORP,
                      individually and as Alleged
28                    Successor-in-Interest to Griscom-Russell
                      Company



                                    1
**CERTIFICATE OF INTERESTED ENTITIES OR PERSONS ON BEHALF OF VIAD CORP**

CASE NAME:      Thomas Taylor v. General Electric, et al.
CASE NUMBER:    USDC Northern District of California No: CV 08 0981 EDL

## PROOF OF SERVICE

I am a citizen of the United States and am employed in the County of Sacramento. I am over the age of 18 years and not a party to the within cause; my business address is 1730 I Street, Suite 240, Sacramento, California 95814.

On March 14, 2008, I served the within

**ANSWER OF VIAD CORP TO COMPLAINT FOR ASBESTOS
PERSONAL INJURY/PRODUCTS LLIABILITY**

**DEFENDANT VIAD CORP'S CERTIFICATE OF INTERESTED
ENTITIES OR PERSONS**

on the parties in this cause as follows:

[X]    VIA ELECTRONIC SERVICE: Complying with General Order 45, my electronic business address is scl@charter-davis.com, and I caused such document(s) to be electronically served through the Pacer File & Serve system for the above-entitled case to the parties on the Service List maintained on Pacer File & Serve Website for this case. The file transmission was reported as complete and a copy of the Pacer File and Serve Receipt will be maintained with the original document(s) in our office.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on March 14, 2008, at Sacramento, California.

_____
SUSAN C. LEON