1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   CHARLES T. SHELDON (Bar No. 155598)
2  DEREK S. JOHNSON (Bar No. 220988)
   One Market Plaza, Steuart Tower, 8th Floor
3  San Francisco, California  94105
   Telephone:  (415) 781-7900
4  Facsimile:  (415) 781-2635

5  Attorneys for Defendant
   GENERAL ELECTRIC COMPANY

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  THOMAS TAYLOR,                      CASE NO. CV 08-0981 EDL

12         Plaintiff,                   **GENERAL ELECTRIC COMPANY'S
                                        ANSWER TO COMPLAINT FOR
13     v.                               ASBESTOS PERSONAL
                                        INJURY/PRODUCTS LIABILITY;**
14  GENERAL ELECTRIC COMPANY, et
    al.,                                **DEMAND FOR JURY TRIAL;**
15
           Defendants.                  **CERTIFICATION OF INTERESTED
16                                       ENTITIES**

17

18         Defendant GENERAL ELECTRIC COMPANY ("GE") hereby answers the Complaint

19  filed on February 15, 2008, by plaintiff Thomas Taylor ("Plaintiff") as follows:

20         1.     To the extent that paragraph 1 of the complaint consists of allegations of fact as to

21  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

22  allegations of paragraph 1, and on such basis the allegations are denied.

23         2.     To the extent that paragraph 2 of the complaint consists of allegations of fact as to

24  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

25  allegations of paragraph 2, and on such basis the allegations are denied.  To the extent that

26  paragraph 2 of the complaint consists of allegations of fact as to other defendants, GE  lacks

27  sufficient knowledge or information to form a belief as to the truth of the allegations of

28  / / /

1  paragraph 2, and on such basis the allegations are denied.  To the extent that paragraph 2 of the

2  complaint consists of allegations of fact as to GE, GE denies such allegations.

3      3.      To the extent that paragraph 3 of the complaint consists of allegations of fact as to

4  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

5  allegations of paragraph 3, and on such basis the allegations are denied.  To the extent that

6  paragraph 3 of the complaint consists of allegations of fact as to other defendants, GE  lacks

7  sufficient knowledge or information to form a belief as to the truth of the allegations of

8  paragraph 3, and on such basis the allegations are denied.  To the extent that paragraph 3 of the

9  complaint consists of allegations of fact as to GE, GE denies such allegations.

10      4.      To the extent that paragraph 4 of the complaint consists of allegations of fact as to

11  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

12  allegations of paragraph 4, and on such basis the allegations are denied.  To the extent that

13  paragraph 4 of the complaint consists of allegations of fact as to other defendants, GE  lacks

14  sufficient knowledge or information to form a belief as to the truth of the allegations of

15  paragraph 4, and on such basis the allegations are denied.  To the extent that paragraph 4 of the

16  complaint consists of allegations of fact as to GE, GE denies such allegations.

17      5.      To the extent that paragraph 5 of the complaint consists of allegations of fact as to

18  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

19  allegations of paragraph 5, and on such basis the allegations are denied.  To the extent that

20  paragraph 5 of the complaint consists of allegations of fact as to other defendants, GE  lacks

21  sufficient knowledge or information to form a belief as to the truth of the allegations of

22  paragraph 5, and on such basis the allegations are denied.

23      6.      Paragraph 5 of the complaint contains no allegations to which GE is required to

24  respond.

25      7.      To the extent that paragraph 7 of the complaint consists of conclusions of law, GE

26  is not required to respond to it.  To the extent that paragraph 7 of the complaint consists of

27  allegations of fact as to other defendants, GE  lacks sufficient knowledge or information to form

28

Sedgwick
Detert, Moran & Arnold, LLP
SF/1494558v1

GE's ANSWER TO COMPLAINT    CASE NO. CV 08-0981 EDL

1  a belief as to the truth of the allegations of paragraph 7, and on such basis the allegations are

2  denied.

3      8.    To the extent that paragraph 8 of the complaint consists of allegations of fact as to

4  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

5  allegations of paragraph 8, and on such basis the allegations are denied.  To the extent that

6  paragraph 8 of the complaint consists of allegations of fact as to other defendants, GE lacks

7  sufficient knowledge or information to form a belief as to the truth of the allegations of

8  paragraph 8, and on such basis the allegations are denied.  GE lacks sufficient knowledge or

9  information to form a belief as to the truth of the allegation that this court has original

10  jurisdiction under 25 USC § 1332, and on such basis the allegation is denied.

11      9.    To the extent that paragraph 9 of the complaint consists of conclusions of law, GE

12  is not required to respond to it.  To the extent that paragraph 9 of the complaint consists of

13  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

14  a belief as to the truth of the allegations of paragraph 9, and on such basis the allegations are

15  denied.  To the extent that paragraph 9 of the complaint consists of allegations of fact as to

16  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

17  allegations of paragraph 9, and on such basis the allegations are denied.  GE lacks sufficient

18  knowledge or information to form a belief as to the truth of Plaintiff's allegation that the

19  Northern District of California is the proper venue for this case, and on such basis the allegation

20  is denied.

21      10.    To the extent that paragraph 10 of the complaint consists of conclusions of law,

22  GE is not required to respond to it.  To the extent that paragraph 10 of the complaint consists of

23  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

24  a belief as to the truth of the allegations of paragraph 10, and on such basis the allegations are

25  denied.  To the extent that paragraph 10 of the complaint consists of allegations of fact as to

26  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

27  allegations of paragraph 10, and on such basis the allegations are denied.  To the extent that

28  paragraph 10 of the complaint consists of allegations of fact as to GE, GE lacks sufficient

1  knowledge or information to form a belief as to the truth of the allegations of paragraph 10, and

2  on such basis the allegations are denied.

3       11.    To the extent that paragraph 11 of the complaint consists of allegations of fact as

4  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

5  of the allegations of paragraph 11, and on such basis the allegations are denied.  GE admits that,

6  in the past, it manufactured, distributed, supplied and sold certain products which contained

7  some quantity of asbestos and/or had component parts which may have contained some quantity

8  of asbestos, during a time period which may or may not be relevant to this case.  Except to the

9  extent admitted, GE denies all other allegations of fact as to GE in paragraph 11 of the

10  complaint.

11       12.    To the extent that paragraph 12 of the complaint consists of conclusions of law,

12  GE is not required to respond to it.  To the extent that paragraph 12 of the complaint consists of

13  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

14  a belief as to the truth of the allegations of paragraph 12, and on such basis the allegations are

15  denied.  To the extent that paragraph 12 of the complaint consists of allegations of fact as to

16  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

17  allegations of paragraph 12, and on such basis the allegations are denied.  To the extent that

18  paragraph 12 of the complaint consists of allegations of fact as to GE, GE denies such

19  allegations.

20       13.    To the extent that paragraph 13 of the complaint consists of conclusions of law,

21  GE is not required to respond to it.  To the extent that paragraph 13 of the complaint consists of

22  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

23  a belief as to the truth of the allegations of paragraph 13, and on such basis the allegations are

24  denied.  To the extent that paragraph 13 of the complaint consists of allegations of fact as to GE,

25  GE denies such allegations.

26       14.    To the extent that paragraph 14 of the complaint consists of allegations of fact as

27  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

28  of the allegations of paragraph 14, and on such basis the allegations are denied.  To the extent

1   that paragraph 14 of the complaint consists of allegations of fact as to Plaintiff, GE lacks

2   sufficient knowledge or information to form a belief as to the truth of the allegations of

3   paragraph 14, and on such basis the allegations are denied. To the extent that paragraph 14 of the

4   complaint consists of allegations of fact as to GE, GE denies such allegations.

5       15.    To the extent that paragraph 15 of the complaint consists of conclusions of law,

6   GE is not required to respond to it. To the extent that paragraph 15 of the complaint consists of

7   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

8   a belief as to the truth of the allegations of paragraph 15, and on such basis the allegations are

9   denied. To the extent that paragraph 15 of the complaint consists of allegations of fact as to

10  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

11  allegations of paragraph 15, and on such basis the allegations are denied. To the extent that

12  paragraph 15 of the complaint consists of allegations of fact as to GE, GE denies such

13  allegations.

14      16.    To the extent that paragraph 16 of the complaint consists of allegations of fact as

15  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

16  of the allegations of paragraph 16, and on such basis the allegations are denied. To the extent

17  that paragraph 16 of the complaint consists of allegations of fact as to Plaintiff, GE lacks

18  sufficient knowledge or information to form a belief as to the truth of the allegations of

19  paragraph 16, and on such basis the allegations are denied. To the extent that paragraph 16 of the

20  complaint consists of allegations of fact as to GE, GE denies such allegations.

21      17.    GE admits that, over time, inhalation or ingestion of asbestos fibers can

22  cause lung disease and cancer. Except to the extent admitted, GE denies all allegations of

23  paragraph 17.

24      18.    To the extent that paragraph 18 of the complaint consists of allegations of fact as

25  to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

26  allegations of paragraph 18, and on such basis the allegations are denied.

27      19.    To the extent that paragraph 19 of the complaint consists of conclusions of law,

28  GE is not required to respond to it. To the extent that paragraph 19 of the complaint consists of

1   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

2   a belief as to the truth of the allegations of paragraph 19, and on such basis the allegations are

3   denied.  To the extent that paragraph 19 of the complaint consists of allegations of fact as to

4   Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

5   allegations of paragraph 19, and on such basis the allegations are denied.  To the extent that

6   paragraph 19 of the complaint consists of allegations of fact as to GE, GE denies such

7   allegations.

8          20.     To the extent that paragraph 20 of the complaint consists of conclusions of law,

9   GE is not required to respond to it.  To the extent that paragraph 20 of the complaint consists of

10  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

11  a belief as to the truth of the allegations of paragraph 20, and on such basis the allegations are

12  denied.  To the extent that paragraph 20 of the complaint consists of allegations of fact as to

13  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

14  allegations of paragraph 20, and on such basis the allegations are denied.  To the extent that

15  paragraph 20 of the complaint consists of allegations of fact as to GE, GE denies such

16  allegations.

17         21.     To the extent that paragraph 21 of the complaint consists of conclusions of law,

18  GE is not required to respond to it.  To the extent that paragraph 21 of the complaint consists of

19  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

20  a belief as to the truth of the allegations of paragraph 21, and on such basis the allegations are

21  denied.  To the extent that paragraph 21 of the complaint consists of allegations of fact as to

22  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

23  allegations of paragraph 21, and on such basis the allegations are denied.  To the extent that

24  paragraph 21 of the complaint consists of allegations of fact as to GE, GE denies such

25  allegations.

26         22.     To the extent that paragraph 22 of the complaint consists of conclusions of law,

27  GE is not required to respond to it.  To the extent that paragraph 22 of the complaint consists of

28  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

1  a belief as to the truth of the allegations of paragraph 22, and on such basis the allegations are

2  denied. To the extent that paragraph 22 of the complaint consists of allegations of fact as to GE,

3  GE denies such allegations.

4      23.    To the extent that paragraph 23 of the complaint consists of conclusions of law,

5  GE is not required to respond to it. To the extent that paragraph 23 of the complaint consists of

6  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

7  a belief as to the truth of the allegations of paragraph 23, and on such basis the allegations are

8  denied. To the extent that paragraph 23 of the complaint consists of allegations of fact as to GE,

9  GE denies such allegations.

10      24.    To the extent that paragraph 24 of the complaint consists of conclusions of law,

11  GE is not required to respond to it. To the extent that paragraph 24 of the complaint consists of

12  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

13  a belief as to the truth of the allegations of paragraph 24, and on such basis the allegations are

14  denied. To the extent that paragraph 24 of the complaint consists of allegations of fact as to GE,

15  GE denies such allegations.

16      25.    GE incorporates by reference as though fully set forth herein paragraphs 1 through

17  24 of this Answer.

18      26.    To the extent that paragraph 26 of the complaint consists of allegations of fact as

19  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

20  of the allegations of paragraph 26, and on such basis the allegations are denied. To the extent

21  that paragraph 26 of the complaint consists of allegations of fact as to GE, GE denies such

22  allegations.

23      27.    To the extent that paragraph 27 of the complaint consists of conclusions of law,

24  GE is not required to respond to it. To the extent that paragraph 27 of the complaint consists of

25  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

26  a belief as to the truth of the allegations of paragraph 27, and on such basis the allegations are

27  denied. To the extent that paragraph 27 of the complaint consists of allegations of fact as to

28  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

1    allegations of paragraph 27, and on such basis the allegations are denied.  To the extent that

2    paragraph 27 of the complaint consists of allegations of fact as to GE, GE denies such

3    allegations.

4        28.    To the extent that paragraph 28 of the complaint consists of allegations of fact as

5    to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

6    of the allegations of paragraph 28, and on such basis the allegations are denied.  To the extent

7    that paragraph 28 of the complaint consists of allegations of fact as to Plaintiff, GE lacks

8    sufficient knowledge or information to form a belief as to the truth of the allegations of

9    paragraph 28, and on such basis the allegations are denied.  To the extent that paragraph 28 of the

10   complaint consists of allegations of fact as to GE, GE denies such allegations.  GE lacks

11   sufficient knowledge or information to respond to the allegation that exposed persons did not

12   know of the substantial danger of using said products and, on that basis, denies it.

13       29.    To the extent that paragraph 29 of the complaint consists of allegations of fact as

14   to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

15   of the allegations of paragraph 29, and on such basis the allegations are denied.  To the extent

16   that paragraph 29 of the complaint consists of allegations of fact as to GE, GE denies such

17   allegations.

18       30.    To the extent that paragraph 30 of the complaint consists of allegations of fact

19   as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the

20   truth of the allegations of paragraph 30, and on such basis the allegations are denied.  To the

21   extent that paragraph 30 of the complaint consists of allegations of fact as to GE, GE denies such

22   allegations.

23       31.    To the extent that paragraph 31 of the complaint consists of allegations of fact as

24   to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

25   of the allegations of paragraph 31, and on such basis the allegations are denied.  To the extent

26   that paragraph 31 of the complaint consists of allegations of fact as to GE, GE denies such

27   allegations.

28       32.    To the extent that paragraph 32 of the complaint consists of allegations of fact as

1    to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

2    of the allegations of paragraph 32, and on such basis the allegations are denied. To the extent

3    that paragraph 32 of the complaint consists of allegations of fact as to Plaintiff, GE lacks

4    sufficient knowledge or information to form a belief as to the truth of the allegations of

5    paragraph 32, and on such basis the allegations are denied. To the extent that paragraph 32 of the

6    complaint consists of allegations of fact as to GE, GE denies such allegations.

7         33.     To the extent that paragraph 33 of the complaint consists of conclusions of law,

8    GE is not required to respond to it. To the extent that paragraph 33 of the complaint consists of

9    allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

10    a belief as to the truth of the allegations of paragraph 33, and on such basis the allegations are

11    denied. To the extent that paragraph 33 of the complaint consists of allegations of fact as to GE,

12    GE denies such allegations.

13         34.     To the extent that paragraph 34 of the complaint consists of allegations of fact as

14    to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

15    of the allegations of paragraph 34, and on such basis the allegations are denied. To the extent

16    that paragraph 34 of the complaint consists of allegations of fact as to Plaintiff, GE lacks

17    sufficient knowledge or information to form a belief as to the truth of the allegations of

18    paragraph 34, and on such basis the allegations are denied. To the extent that paragraph 34 of the

19    complaint consists of allegations of fact as to GE, GE denies such allegations.

20         35.     To the extent that paragraph 35 of the complaint consists of allegations of fact as

21    to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

22    of the allegations of paragraph 35, and on such basis the allegations are denied. To the extent

23    that paragraph 35 of the complaint consists of allegations of fact as to Plaintiff, GE lacks

24    sufficient knowledge or information to form a belief as to the truth of the allegations of

25    paragraph 35, and on such basis the allegations are denied. To the extent that paragraph 35 of the

26    complaint consists of allegations of fact as to GE, GE denies such allegations.

27         36.     To the extent that paragraph 36 of the complaint consists of allegations of fact as

28    to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

1   of the allegations of paragraph 36, and on such basis the allegations are denied. To the extent

2   that paragraph 36 of the complaint consists of allegations of fact as to Plaintiff, GE lacks

3   sufficient knowledge or information to form a belief as to the truth of the allegations of

4   paragraph 36, and on such basis the allegations are denied. To the extent that paragraph 36 of the

5   complaint consists of allegations of fact as to GE, GE denies such allegations.

6                                    **PRAYER**

7        GE further denies that Plaintiff is entitled to any damages to the extent Plaintiff seeks

8   damages from GE and denies that Plaintiff is entitled to any relief from GE to the extent Plaintiff

9   seeks any relief from GE. Further answering, GE lacks information or knowledge sufficient to

10  respond to each and every allegation in Plaintiff's prayer for judgment and, on that basis, denies

11  them.

12           **SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSES**

13       37.    By alleging the Separate and Additional Affirmative Defenses set forth below, GE

14  is not in any way agreeing or conceding that it has the burden of proof or burden of persuasion on

15  any of these issues.

16                        **FIRST AFFIRMATIVE DEFENSE**

17       38.    GE alleges that said complaint and each cause of action therein fails to state facts

18  sufficient to constitute a cause of action against Defendant.

19                       **SECOND AFFIRMATIVE DEFENSE**

20       39.    GE alleges that the causes of action, if any, attempted to be stated and set forth in

21  said complaint are barred by the applicable statutes of limitations, including, but not limited to,

22  the provisions of Code of Civil Procedure §§ 335.1, 338, 340.2. and 340(3).

23                        **THIRD AFFIRMATIVE DEFENSE**

24       40.    GE alleges that the causes of action, if any, attempted to be stated and set forth in

25  said complaint are barred by laches.

26                       **FOURTH AFFIRMATIVE DEFENSE**

27       41.    GE alleges that the causes of action, if any, attempted to be stated in plaintiff's

28  complaint are barred in whole or in part by the equitable doctrine of waiver and estoppel.

1

### FIFTH AFFIRMATIVE DEFENSE

2      42.    GE alleges that Plaintiff and others were negligent or otherwise at fault in and

3   about the matters referred to in said complaint, and that such negligence and/or other fault bars or

4   diminishes Plaintiff's recovery against GE.

5

### SIXTH AFFIRMATIVE DEFENSE

6      43.    GE alleges that Plaintiff was solely negligent in and about the matters alleged in

7   said complaint and that such negligence on the part of Plaintiff was the sole legal cause of the

8   injuries and damages complained of by Plaintiff, if any there were.

9

### SEVENTH AFFIRMATIVE DEFENSE

10     44.    GE alleges that Plaintiff assumed the risk of the matters referred to in said

11  complaint, that Plaintiff knew and appreciated the nature of the risk, and that Plaintiff voluntarily

12  accepted the risk.

13

### EIGHTH AFFIRMATIVE DEFENSE

14     45.    GE is informed and believes and thereon alleges that Plaintiff misused and abused

15  the products referred to in said complaint, and failed to follow instructions, and that such misuse,

16  abuse and failure to follow instructions on the part of Plaintiff proximately caused and

17  contributed to the injuries and damages complained of in said complaint, if any there were.

18

### NINTH AFFIRMATIVE DEFENSE

19     46.    GE alleges that if Plaintiff sustained injuries attributable to the use of any product

20  manufactured, supplied, or distributed by GE, which allegations are expressly denied, the injuries

21  were solely caused by and attributable to the unreasonable, unforeseeable, and inappropriate

22  purpose and improper use which was made of the product.

23

### TENTH AFFIRMATIVE DEFENSE

24     47.    GE alleges that if there was any negligence proximately causing the injuries or

25  damages sustained by Plaintiff, if any, such negligence, if any, was solely that of defendants,

26  firms, persons, or entities other than GE.

27

### ELEVENTH AFFIRMATIVE DEFENSE

28     48.    GE alleges that there is no privity between Plaintiff and GE.

**Sedgwick**
Detert, Moran & Arnold, LLP
SF/1494558v1

-11-

GE's ANSWER TO COMPLAINT         CASE NO. CV 08-0981 EDL

**TWELFTH AFFIRMATIVE DEFENSE**

49.    GE alleges that it gave no warranties, either express or implied, to Plaintiff and that neither Plaintiff nor others ever notified GE of any claims of breach of warranty, if any there were.

**THIRTEENTH AFFIRMATIVE DEFENSE**

50.    GE alleges that said complaint and each cause of action therein is barred with respect to GE by the provisions of the Workers Compensation Act, including but not limited to Sections 3600, 3601, and 5300 of the Labor Code of the State of California.

**FOURTEENTH AFFIRMATIVE DEFENSE**

51.    GE alleges that if there was any negligence proximately causing the injuries or damages, if any, sustained by Plaintiff, such negligence, if any, is collateral negligence, as that term is used and defined in Restatement 2d Torts, Section 426 and derivative authority.

**FIFTEENTH AFFIRMATIVE DEFENSE**

52.    GE alleges that at the time of the matters referred to in the complaint, Plaintiff was employed by employers other than GE and was entitled to and received workers' compensation benefits from his employers; and that if there was any negligence proximately causing the injuries and damages sustained by Plaintiff, if any, such negligence, if any, was that of Plaintiff's employers.

**SIXTEENTH AFFIRMATIVE DEFENSE**

53.    GE alleges that Plaintiff's claims, and each of them, and this action, are preempted by federal statutes and regulations governing work place exposure to asbestos.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

54.    GE alleges that the products referred to in said complaint, if manufactured by GE at all, were manufactured in strict compliance with reasonably precise United States government specifications, and that the hazards associated with use of the products, if any, were known equally to the federal government and GE. Boyle v. United Technologies Corp., 487 U.S. 500 (1988). Therefore, the complaint and all alleged causes of action are barred by the government contractor defense.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

55.     GE alleges that to the extent said complaint purports to state a cause of action or

basis for recovery under <u>Sindell v. Abbott Laboratories</u> (1990) 26 Cal.3d 588, it is barred by

Plaintiff's failure to join as defendants the manufacturers of a substantial share of the asbestos

products market, to which asbestos products Plaintiff was allegedly exposed, thereby causing the

damages alleged; and, should it prove impossible to identify the manufacturer of the product that

allegedly injured Plaintiff, said purported claim or cause of action is barred by the fault of

Plaintiff and his agents in making identification of the manufacturer impossible.

**NINETEENTH AFFIRMATIVE DEFENSE**

56.     GE alleges that, to the extent said complaint purports to state a cause of action or

basis for recovery upon lack of identification of the manufacturer of the alleged injury-causing

product, it fails to state facts sufficient to constitute a cause of action in that Plaintiff has asserted

claims for relief which, if allowed, would contravene GE's constitutional rights to substantive

due process of law, as preserved by the Fourteenth Amendment to the Constitution of the United

States and by Article I, Section 7 of the Constitution of the State of California.

**TWENTIETH AFFIRMATIVE DEFENSE**

57.     GE alleges that said complaint, to the extent that it seeks exemplary or punitive

damages pursuant to California Civil Code Section 3294, violates GE's right to procedural due

process under the Fourteenth Amendment of the United States Constitution, and Article I,

Section 7 of the Constitution of the State of California, and therefore fails to state a cause of

action upon which either punitive or exemplary damages can be awarded.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

58.     GE alleges that said complaint, to the extent that it seeks punitive or exemplary

damages pursuant to California Civil Code Section 3294, violates GE's right to protection from

"excessive fines" as provided in the Eighth Amendment of the United States Constitution and

Article I, Section 17 of the Constitution of the State of California, and violates GE's right to

substantive due process as provided in the Fifth and Fourteenth Amendments of the United States

/ / /

1  Constitution and the Constitution of the State of California, and therefore fails to state a cause of

2  action supporting the punitive or exemplary damages claimed.

3  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

4  59.    GE alleges that said complaint, and each cause of action therein, fails to state facts

5  sufficient to warrant an award of punitive or exemplary damages against GE.

6  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

7  60.    GE alleges that the "peculiar risk" doctrine is not applicable to the causes of

8  action attempted to be stated and set forth against GE, because the injuries and damages

9  complained of in the complaint, if any there were, arose in the course and scope of Plaintiff's

10 employment by an independent contractor.

11 ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

12 61.    GE alleges that at all relevant times, Plaintiff's employers were sophisticated

13 users of asbestos-containing products, and that said employers were aware of the dangers, if any,

14 of asbestos-containing products, and that said employers' negligence in providing the products to

15 their employees in a negligent, careless and reckless manner was a superseding intervening cause

16 of Plaintiff's injuries, if any.

17 ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

18 62.    GE alleges that Plaintiff is barred from recovery in that all products produced

19 by GE were in conformity with the existing state-of-the-art, and as a result, these products were

20 not defective in any manner.

21 ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

22 63.    GE alleges that it had no knowledge, either actual or constructive, and by the

23 application of reasonable, developed human skills and foresight had no reason to know of the

24 propensities, if any, of any product allegedly manufactured, supplied, applied and/or sold by GE

25 to cause or contribute to the creation of medical conditions or circumstances involving alleged

26 injuries to the lungs, respiratory and cardiovascular systems, including cancer, mesothelioma, or

27 any other illness of any type whatsoever.

28

**Sedgwick**
Detert, Moran & Arnold, LLP
SF/1494558v1

GE's ANSWER TO COMPLAINT        CASE NO. CV 08-0981 EDL

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

64.    GE alleges that the causes of action, if any, attempted to be stated and set forth in said complaint for negligence per se are barred by California Labor Code Section 6304.5, and derivative authority.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

65.    GE alleges that Plaintiff failed to exercise due diligence to mitigate his losses, injuries or damages, if any, and, accordingly, the amount of damages to which Plaintiff is entitled, if any, should be reduced by the amount of damages which otherwise would have been mitigated.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

66.    GE alleges that the provisions of California Civil Code Section 1431.2 are applicable to the Complaint and each cause of action therein.

**THIRTIETH AFFIRMATIVE DEFENSE**

67.    GE alleges that unforeseen and unforeseeable acts and omissions by others constitute a superseding, intervening cause of Plaintiff's injuries, if any.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

68.    GE alleges that each of Plaintiff's claims, and this entire action, are preempted by all applicable federal law relating to railroads, their equipment, and/or alleged injuries and damages arising therefrom, including but not limited to the Locomotive Boiler Inspection Act, 49 U.S.C. sections 20701 et seq.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

69.    GE alleges that as a result of his injuries, plaintiff has received and will continue to receive workers' compensation benefits from his employers or their insurance carriers, or both, in an amount not yet definitely ascertained and determined; that the total amount of these payments is not yet known to this defendant; that by virtue of the California Labor Code sections 3850 and 3852, and related sections, the employers and their insurance carriers are subrogated to the rights of the plaintiff for any and all monies plaintiff may receive from this defendant up to the amount paid to plaintiff; that the plaintiff's injuries arose as a direct and proximate result of

Sedgwick
Detert, Moran & Arnold, LLP
SF/1494558v1

1  the negligence and carelessness of plaintiff's employers, and the employers and their insurance

2  carriers are not entitled to reimbursement for monies paid or to be paid to plaintiff; and in the

3  event of any judgment in favor of plaintiff and against this defendant, it should be reduced by the

4  amounts paid or to be paid to plaintiff by the employers or their insurance carriers.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

6       70.     The matters alleged in said complaint are encompassed within and barred by a

7  settlement and release agreement reached by the parties, which operates as a merger and bar

8  against any further litigation on matters raised or potentially raised in connection with the

9  settlement and release.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

11       71.     To the extent that Plaintiff has reached an accord with GE regarding this litigation

12  and this accord was then properly satisfied, the claims, causes of action, theories of liability and

13  matters alleged in said complaint are barred by the doctrine of accord and satisfaction.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

15       72.     GE contends that Plaintiff has released, settled, entered into an accord and

16  satisfaction, or otherwise compromised his claims herein, and accordingly, said claims are

17  barred.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

19       73.     The claims asserted in said complaint have been settled, compromised or

20  otherwise discharged and GE is due a set off.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

22       74.     To the extent that Plaintiff has previously filed a dismissal in court dismissing

23  with prejudice all of his asserted claims, causes of action , and other theories of liability against

24  GE, the matters alleged in said complaint are barred by retraxit.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

26       75.     Plaintiff's claims herein are barred based on the primary right and res judicata

27  doctrines which prohibit splitting a single cause of action into successive suits, and seeking new

28  / / /

1  recovery for injuries for which the Plaintiff was previously compensated by alleged joint

2  tortfeasors.

3                    **THIRTY-NINTH AFFIRMATIVE DEFENSE**

4        76.    Defendant alleges that at all relevant times Plaintiff was a sophisticated user of

5  asbestos-containing products, that Plaintiff was aware, or should have been aware, of the

6  dangers, if any, of asbestos-containing products, and that the sophisticated user doctrine is a

7  complete bar to Plaintiff's claims against Defendant as a matter of law.  Johnson v. American

8  Standard, Inc., et al. (2005) 34 Cal.Rptr.3d 863.

9                              **PRAYER**

10       WHEREFORE, GE prays that Plaintiff take nothing by reason of his complaint as to GE

11  and that GE has judgment for its costs of suit and attorneys' fees and for such other and further

12  relief as this Court may deem just and proper.

13

14  DATED: March 17, 2008         SEDGWICK, DETERT, MORAN & ARNOLD LLP

15

16

17                         By:_____ /S/___Derek S. Johnson_____
                              Derek S. Johnson
18                            Attorneys for Defendant
                              GENERAL ELECTRIC COMPANY
19

20

21

22

23

24

25

26

27

28

**Sedgwick**
Detert, Moran & Arnold, LLP

SF/1494558v1

GE's ANSWER TO COMPLAINT          CASE NO. CV 08-0981 EDL

1

## JURY DEMAND

2          GE hereby demands a trial by jury of the captioned matter.

3

4    DATED: March 17, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP

5

6
                                   By:_____/S/_Derek S. Johnson_____
7                                       Derek S. Johnson
                                        Attorneys for Defendant
8                                       GENERAL ELECTRIC COMPANY

9

10   ## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

11         Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than

12   the named parties, there is no such interest to report.

13

14   DATED: March 17, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP

15

16
                                   By:_____/S/__Derek S. Johnson_____
17                                      Derek S. Johnson
                                        Attorneys for Defendant
18                                      GENERAL ELECTRIC COMPANY

19

20

21

22

23

24

25

26

27

28