```
 1  James P. Cunningham, No. 121406
    John G. Lee, No. 238899
 2  CARROLL, BURDICK & McDONOUGH LLP
    Attorneys at Law
 3  44 Montgomery Street, Suite 400
    San Francisco, CA  94104
 4  Telephone:   415.989.5900
    Facsimile:   415.989.0932
 5  Email:       jcunningham@cbmlaw.com
                 jlee@cbmlaw.com
 6
    Attorneys for Defendants
 7  WARREN PUMPS, LLC
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| Thomas Taylor, | No. CV 08 0981 EDL |
|---|---|
| Plaintiff, | **DEFENDANT WARREN PUMPS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| General Electric Company, Warren Pumps, LLC, Viad Corp., | |
| Defendants. | |

For its Answer to the Complaint for Asbestos Personal Injury/Products Liability filed by Plaintiff, Defendant WARREN PUMPS, LLC ("answering Defendant"), answering solely on its own behalf and for no other person or party, hereby files its Answer to Complaint, and specifically denies any liability or fault whatsoever with respect to the matters complained of in Plaintiff's Complaint.

**ANSWER TO SPECIFIC ALLEGATIONS OF PLAINTIFF'S COMPLAINT**

1. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

//

//

CBM-SF\SF399346.1

2. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

3. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

5. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6. Answering Defendant admits that the term "Plaintiff" as used in the Complaint refers to Plaintiff Thomas Taylor; however at this time, answering Defendant is without sufficient information or knowledge to either admit or deny the allegations that Plaintiff is "asbestos-injured" as contained in Paragraph 6 of Plaintiff's Complaint.

7. For purposes of this lawsuit only, answering Defendant admits that it is incorporated in a state outside the State of California and that it conducts business within the State of California.

8. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint regarding the state of Plaintiff Thomas Taylor's residence. Answering Defendant admits that it is incorporated in, and has its principal place of business within, a state other that the State of California. Answering Defendant denies it is a corporation incorporated under the laws of, and having its principal place of business in New Jersey. Answering Defendant lacks sufficient information or knowledge to either admit or deny that diversity jurisdiction is proper in this action due to the large number of non-joined yet necessary party defendants named in the pending state court action filed by Plaintiff

Thomas Taylor in the Superior Court of California in and for the County of San Francisco. Answering Defendant does allege that removal jurisdiction is proper over this action pursuant to 28 U.S.C. § 1442(a)(1) based on military contractor immunity as set forth in Affirmative Defense Number 25, set forth below.

9. Answering Defendant is without sufficient knowledge or information to form a belief as to whether a substantial part of the events or omissions which allegedly give rise to the claims asserted by Plaintiff occurred within the County of San Francisco, California.

10. Answering Defendant denies the so-called "Alternate Entity" and other material allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Answering Defendant denies the material allegations contained in Paragraph 11 of Plaintiff's Complaint, and specifically denies that it manufactured, marketed or sold any asbestos or asbestos-containing product, as that term has been defined by the Environmental Protection Agency and other authorities. Answering Defendant admits that some of the component part gaskets and packing in its pumps, during certain years and in certain applications, may have contained some amount of chrysotile asbestos.

12. Answering Defendant denies the material allegations contained in Paragraph 12 of Plaintiff's Complaint, and specifically denies any failure of a legal duty to warn.

13. Answering Defendant denies the material allegations contained in Paragraph 13 of Plaintiff's Complaint, and specifically denies it breached any legal duty.

14. Answering Defendant denies the material allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15, and on that basis denies each and every allegation contained therein.

16. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis denies each and every allegation contained therein. Answering Defendant specifically denies that any act, omission, or conduct by it caused Plaintiff's injuries, if any.

17. Answering Defendant admits that asbestos has been shown to cause injury in certain situations and amounts. Answering Defendant is without sufficient knowledge or information to form a belief as to whether this Plaintiff was injured as a result of his exposure to asbestos, if any.

18. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18, and on that basis denies each and every allegation contained therein.

19. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19, and on that basis denies each and every allegation contained therein.

20. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20, and on that basis denies each and every allegation contained therein.

21. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21, and on that basis denies each and every allegation contained therein.

22. Answering Defendant denies the material allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Answering Defendant denies the material allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Answering Defendant denies the material allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Answering Defendant incorporates by reference its specific averments in its Answer to Complaint as contained in Paragraphs 1 through 24, above.

26. Answering Defendant denies the material allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Answering Defendant denies the material allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of whether or not "exposed persons" knew of the danger of using asbestos-containing products and whether the dangers were readily recognizable. Answering Defendant denies the material allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Answering Defendant denies the material allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Answering Defendant denies the material allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Answering Defendant denies the material allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Answering Defendant denies the material allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Answering Defendant denies the material allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Answering Defendant denies the material allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Answering Defendant denies the material allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Answering Defendant denies the material allegations contained in Paragraph 36 of Plaintiff's Complaint.

//
//

## AFFIRMATIVE DEFENSES

As and for its separate, distinct, and affirmative defenses to Plaintiff's Complaint, and to each cause of action thereof, this answering Defendant alleges as follows:

### FAILURE TO STATE A CAUSE OF ACTION

1. Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted against this answering Defendant.

### STATUTE OF LIMITATIONS

2. Defendant alleges on information and belief that:

   A. Plaintiff's Complaint is barred by the applicable statute of limitations pursuant to California Code of Civil Procedure sections 337, 338, 339, 340, 340.2, 343, 353.1, 361, and/or 474, and California Commercial Code section 2725; and/or

   B. The causes of action in Plaintiff's Complaint arose outside the State of California, while Plaintiff was a non-resident, pursuant to the applicable statutes of limitations or statute(s) of repose where Plaintiff was then residing or working, and Plaintiff's Complaint is barred by the provisions of those statutes and by section 361 of the California Code of Civil Procedure.

### ASSUMPTION OF RISK

3. Defendant alleges on information and belief that Plaintiff voluntarily and knowingly assumed the alleged risks and alleged hazards incident to the alleged operations, acts, and conduct at the times and places alleged in Plaintiff's Complaint, and Plaintiff's said acts proximately caused and contributed to Plaintiff's alleged injuries and damages, if any there were.

### FAILURE TO FOLLOW WARNINGS

4. On information and belief, Defendant alleges that Plaintiff was advised, informed, and warned of any potential hazards and/or dangers, if any there were, associated with the normal or foreseeable use, handling, and storage of the products,

substances, and equipment described in Plaintiff's Complaint, and Plaintiff failed to follow such warnings.

### COMPARATIVE NEGLIGENCE

5. Defendant alleges upon information and belief that:

   A. At the time and places mentioned in Plaintiff's Complaint, Plaintiff was careless and negligent in and about the matters alleged in said Complaint, which carelessness and negligence caused and contributed, to the extent of one hundred percent, to any injuries and damages allegedly sustained by Plaintiff, if any there were; and

   B. In the event of any judgment or verdict in favor of Plaintiff herein, said judgment or verdict must be reduced to the extent that said carelessness and negligence of Plaintiff caused or contributed to the alleged injuries and damages allegedly sustained by Plaintiff, if any there were.

### CONDUCT OF OTHERS

6. Defendant alleges that any loss, injury, or damage to Plaintiff was proximately caused or contributed to by the negligent or other tortious acts, omissions, and/or fault of other persons or entities which Defendant neither controlled nor had the right to control, and that no particular damages of Plaintiff was caused by acts or omissions of this Defendant.

### NOT A SUCCESSOR-IN-INTEREST

7. Defendant denies any and all liability to the extent that Plaintiff asserts Defendant's alleged liability as a successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, alter-ego, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, labeling, assembling, distribution, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos.

### LACK OF LEGAL CAPACITY TO SUE

8. Defendant alleges that Plaintiff lacks the legal capacity to sue and is not a real party-in-interest.

### PROPOSITION 51

9. Defendant alleges that there are other persons, parties and/or defendants who are at fault and proximately caused Plaintiff's injuries, if any. If this answering Defendant is responsible to Plaintiffs, which responsibility is expressly denied, this answering Defendant is only liable for its proportionate share of non-economic damages, if any, as set forth in California *Civil Code* section 1431.2.

### MODIFICATION/ALTERATION OF PRODUCT

10. On information and belief, Defendant alleges that the products which allegedly injured Plaintiff was altered, changed, or otherwise modified by parties, individuals, or entities other than this answering Defendant, and said modifications, changes or alterations were a proximate cause of the damages alleged by Plaintiff, if any there were.

### MISUSE AND ABUSE

11. Prior to and at the time of the alleged injuries, on information and belief, Defendant alleges that the products which allegedly injured Plaintiff were misused and abused and were not being used in the manner in which they were intended to be used. Such misuse and abuse caused and contributed to the injuries and damages complained of by Plaintiff, if any there were.

### SPOLIATION OF EVIDENCE

12. On information and belief, Defendant alleges that Plaintiff and/or Plaintiff's agents negligently or intentionally failed to preserve, and permitted the spoliation of, material evidence, including but not limited to the products which Plaintiff alleges give rise to Plaintiff's Complaint herein. Such conduct bars Plaintiff's action and/or gives rise to liability on the part of Plaintiff for damages payable to this answering Defendant.

### NOT A SUBSTANTIAL FACTOR

13. Defendant alleges on information and belief that Plaintiff was not exposed to any product distributed by Defendant that was a substantial factor in causing any injury, damage, or loss complained of, and, therefore, this Defendant may not be held liable to Plaintiff as alleged.

### NO EXPOSURE

14. Defendant alleges on information and belief that Plaintiff was not exposed to a product distributed by Defendant, and if he was, such exposure was so minimal as to be insufficient to cause the injury, damage, or loss complained of.

### FAILURE TO MITIGATE DAMAGES

15. Defendant alleges that Plaintiff failed to mitigate his losses, injuries, or damages and is barred from recovering any damages which could have been avoided by reasonable mitigation efforts.

### LACK OF NOTICE

16. Defendant alleges that Plaintiff failed to give reasonable, timely, sufficient and adequate notice to this answering Defendant of the alleged liability, damage or injury, if any.

### LACHES

17. Defendant alleges that Plaintiff unreasonably delayed in the bringing of this action, without good cause therefore. Said delay has directly resulted in prejudice to this answering Defendant, and, therefore, this action is barred by laches.

### UNCLEAN HANDS

18. Defendant alleges that Plaintiff is precluded from maintaining any cause of action against this answering Defendant because Plaintiff's actions preclude equitable relief under the doctrine of unclean hands.

### SOPHISTICATED USER

19. At all times relevant hereto, Defendant alleges that Plaintiff's employer or employers, by reason of the advice, information, warnings, and use, handling, and

storage information given to them, and by reason of their own long-standing and continuous experience with the products, substances, and equipment referred to in Plaintiff's Complaint, are and were sophisticated users, handlers, and storers of any and all such products, substances, and equipment and thereby acquired a separate and affirmative duty to warn, advise and inform Plaintiffs of any potential harmful effects from the mishandling, misstorage and/or misuse of the subject product, if any. Said employer's failure to so provide and/or so warn Plaintiffs were a superseding and intervening cause of Plaintiff's injuries, if any there were.

### NO WARRANTY

20. This answering Defendant gave no warranties, either express or implied, to Plaintiff, and neither Plaintiff nor anyone else ever notified this answering Defendant of any claim of breach of warranty resulting in Plaintiff's alleged injuries.

### LACK OF PRIVITY

21. At all times and places mentioned in Plaintiff's Complaint, Defendant alleges that Plaintiff was not in privity of contract with this answering Defendant and said lack of privity bars Plaintiff's recovery herein upon any theory of warranty.

### VAGUENESS OF DEFECT STANDARDS

22. The State of California's judicially created definitions of "manufacturing" and "design defects" and the standards for determining whether there has been an actionable failure to warn are unconstitutional in that, among other things, they are void for vagueness and place an undue burden upon interstate commerce, as well as constitute an impermissible effort to regulate in an area that has previously been preempted by the federal government.

### NO MARKET SHARE OR ENTERPRISE LIABILITY

23. Defendant alleges on information and belief that each and every cause of action of Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action under *Sindell*, "market share", or any theory of enterprise liability. Defendant further alleges on information and belief that Plaintiff has failed to join as Defendants in this

action the producers of a substantial market share of the product or products which allegedly injured Plaintiffs.

### WORKERS' COMPENSATION — EXCLUSIVE REMEDY

24. Defendant alleges on information and belief that:

A. Plaintiff has received or will receive disability and medical benefits under a workers' compensation law, or similar laws, from Plaintiff's employers or former employers or their workers' compensation or similar insurers, on account of the injuries and damages allegedly sustained by Plaintiff which give rise to this lawsuit, if any there were and therefore Plaintiff's claim is barred by the statue of limitations per 45 U.S.C. section 56 and the exclusive remedy provisions of California *Labor Code* section 3601, et seq.;

B. At the time of any alleged injury, each and every of Plaintiff's employers and former employers was careless and negligent in and about the matters alleged in Plaintiff's Complaint, and said carelessness and negligence of each and every of said employers contributed directly and proximately to any alleged injuries or damages sustained by Plaintiff and/or any or all of said employers; and

C. Any judgment or verdict that might be rendered in favor of Plaintiff herein should be reduced by the amount of all such payments by said employers or insurers, and that each of said employers or insurers should be barred from any recovery by lien or otherwise in connection with this matter under the authority of *Witt v. Jackson*, 57 Cal.2d 57 [17 Cal.Rptr. 369, 360 P.2d 641] (1961).

### GOVERNMENT SPECIFICATIONS

25. Defendant alleges that it acted solely under the specifications of the U.S. government and properly performed all work thereunder according to such specifications and that this Defendant is therefore immune to suit under the government contract doctrine as set forth in *Boyle v. United Tech. Corp.* (1988) 487 U.S. 500, and *Sundstrom v. McDonnell Douglas Corp.* (N.D. Cal. 1993) 816 F.Supp. 587; any defect in said products

was caused by deficiencies in the specifications supplied to Defendant, which deficiencies were neither known nor discoverable to Defendant with the exercise of reasonable care.

### STATE OF THE ART

26. The state of the medical, scientific, and industrial knowledge and practices was at all material times such that this answering Defendant neither breached any alleged duty owed to Plaintiff, nor knew, or could have known, that the product(s) it allegedly distributed presented a foreseeable risk of harm to Plaintiff in the normal and expected use of such a product. Any products, substances, or equipment manufactured, formulated, sold, or distributed by this answering Defendant were made consistent with the state of the art applicable to said products, substances, or equipment at the time of their manufacture, sale, formulation, or distribution.

### APPLICABLE LAW

27. Defendant alleges that as between Plaintiff and this answering Defendant, the law applicable to this action is the law as it existed during the period this answering Defendant engaged, if at all, in the distribution or sale of the product which Plaintiff claims caused injury. It is unlawful, inequitable, and in violation of this answering Defendant's contractual, statutory, and constitutional rights to apply principles of law other than or in a manner different from those which existed for the period in which this answering Defendant sold or distributed the products to which Plaintiffs claim exposure.

### OFFSET

28. This answering Defendant is entitled to an offset regarding all settlements entered into, or to be entered into between Plaintiff and any person or entity, including Defendants, relating to their claims and allegations in this proceeding.

### FAILURE TO JOIN NECESSARY/INDISPENSABLE PARTIES

29. Defendant alleges Plaintiff failed to join necessary and/or indispensable parties pursuant to *Federal Rule of Civil Procedure* 19.

//

### PUNITIVE DAMAGES — FAILURE TO STATE A CAUSE OF ACTION

30.  Defendant alleges that the Complaint in its entirety, and each cause of action therein, fails to state a cause of action against Defendant for punitive or exemplary damages.

### UNCONSTITUTIONALITY OF PUNITIVE DAMAGES

31.  Defendant alleges that, to the extent that it seeks exemplary or punitive damages pursuant to California *Civil Code* section 3294, the Complaint violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and Article I, section 7, of the California State Constitution, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

### PUNITIVE DAMAGES — EXCESSIVE FINES

32.  Defendant alleges that, to the extent that it seeks punitive or exemplary damages pursuant to California *Civil Code* section 3294, the Complaint violates Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, section 17 of the Constitution of the State of California, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state facts sufficient to support an award of either punitive or exemplary damages.

### VIOLATION OF COMMERCE CLAUSE

33.  Defendant alleges that the Commerce Clause of the United States Constitution, U.S. Const. art. I, section 8, cl. 3, precludes the application of a state statute to commerce that takes place wholly outside of a state's borders, whether or not the commerce has effects within the state; and protects against inconsistent legislation arising from the projection of one state regulatory regime into the jurisdiction of another state.

### PLEAS IN ABATEMENT

34.  Defendant alleges as pleas in abatement:

A. That another action is pending involving the same cause of action and the same Plaintiff; and

B. That Plaintiff has improperly failed to join parties in this action.

WHEREFORE, this answering Defendant prays for judgment and relief as follows:

### PRAYER

1. That Plaintiff takes nothing by reason of Plaintiff's Complaint on file herein;

2. For judgment in favor of this answering Defendant and against Plaintiff on each and every cause of action of Plaintiff's Complaint;

3. That this answering Defendant be awarded its costs of suit;

4. That this answering Defendant be awarded appropriate credits;

5. That this answering Defendant be awarded appropriate credits and setoffs arising out of any payment of workers' compensation settlements as alleged above; and

6. That this answering Defendant be awarded such other and further relief as the Court may deem proper and equitable.

Dated: April 3, 2008

CARROLL, BURDICK & McDONOUGH LLP

By _____
John G. Lee
Attorneys for Defendants
WARREN PUMPS, LLC

*Thomas Taylor v. General Electric Company, et al.*
United States District Court Action No. CV 08 0981 EDL

## PROOF OF SERVICE BY ELECTRONIC TRANSMISSION

I, the undersigned, declare: that I am, and was at the time of service of the documents herein referred to, over the age of 18 years, and am not a party to the action; and I am employed in the County of San Francisco, California. My business address is 44 Montgomery Street, Suite 400, San Francisco, California 94104.

On the date executed below, I electronically served the document(s) described as:

**DEFENDANT WARREN PUMPS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

on recipients designated on the United States District Court, Northern District of California's website.

I declare under penalty of perjury pursuant to the laws of the State of California, that the foregoing is true and correct, and was executed on April 3, 2008 at San Francisco, California.

_____
Margaret Foley

CBM-SF\SF399295.1